UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAIVON HICKMON, et al.,

      Plaintiffs,

v.                                      CASE NO. 3:22-cv-1054-MMH-JBT

DUVAL TAX COLLECTORS
OFFICE

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Pro Se Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and that the case be **DISMISSED without prejudice**.

### I.    Background

On October 27, 2022, the undersigned entered an Order taking the Motion under advisement and stated: "On or before November 17, 2022, Plaintiffs shall file an amended complaint in compliance with this Order and all applicable rules and law.   If Plaintiffs fail to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action."   (Doc. 3 at 5.)   To date, no amended complaint has been filed in response to this Order.

## II.     Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1] As such, even *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

## III.   Analysis

As the undersigned explained in the prior Order, even liberally construed, Plaintiffs' Complaint does not meet the above requirements and is otherwise

---

[1] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when the undersigned finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

deficient for several reasons, including that Plaintiffs did not sufficiently allege

jurisdiction, nor did they allege sufficient factual matter to state a claim for relief

pursuant to Federal Rule of Civil Procedure 8. (Doc. 3 at 3–4.)   The undersigned

further stated that, to the extent Plaintiffs seek to challenge Florida's use of tax

deed sales to collect delinquent property taxes, their claims would likely be barred.

(*Id.* at 4–5.)   The prior Order stated in relevant part:

> Although it is unclear exactly what claim(s) Plaintiffs
> intend to bring against Defendant, the Court gleans from
> the Complaint that Plaintiffs might be attempting to
> challenge Florida's use of tax deed sales to collect
> delinquent property taxes.   However, it appears that any
> such claims would be barred by the principle of comity
> and/or the Tax Injunction Act, 28 U.S.C. § 1341.   *See
> Homewood Village LLC v. Unified Gov. of Athens-Clarke
> Cty.*, 677 F. App'x 623, 624 (11th Cir. 2017) (per curiam)
> ("[T]axpayers are barred by the principle of comity from
> asserting [constitutional claims] against the validity of
> state tax systems in federal courts.   Such taxpayers
> must seek protection of their federal rights by state
> remedies, provided . . . that those remedies are plain,
> adequate, and complete.") (citations and quotations
> omitted); *see also* 28 U.S.C. § 1341 ("The district courts
> shall not enjoin, suspend or restrain the assessment, levy
> or collection of any tax under State law where a plain,
> speedy and efficient remedy may be had in the courts of
> such State.").

(*Id.*)

Further, Plaintiffs were provided with an opportunity to amend the Complaint

to cure the deficiencies noted in the prior Order, if possible.   (*Id.* at 5.)   Plaintiffs

4

have not filed an amended complaint nor have they otherwise responded to the prior Order.   Therefore, the undersigned recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 2**) be **DENIED**.

2.    The case be **DISMISSED without prejudice**.

3.    The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy."   *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on December 5, 2022.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiffs